UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID LOPEZ,<br>    Plaintiff,<br><br>v.<br><br><br>ALLISON BLACK, WARDEN,<br>    et al,<br>    Defendants. | :<br>:<br>:<br>:<br>:   Case No. 3:20cv817 (MPS)<br>:<br>:<br>:<br>: |

## ORDER

The plaintiff, David Lopez, an unsentenced inmate[1] currently within the custody of the Connecticut Department of Correction ("DOC") at New Haven Correctional Center ("NHCC"), is proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. §§ 1983, 1985, 1986 against NHCC Warden Allison Black, Deputy Warden Jeanette Maldonado, and Deputy Warden of Support Services Denise Walker. Compl., ECF No. 1.

Lopez alleges that the defendants subjected him to unsanitary conditions of confinement due to mice in the cells, rust on the bunks and desks, build up on the windows, and cracks in the ceiling permitting rain and debris to fall in the cells. However, Lopez has failed to state what relief he seeks or whether he sues defendants in their official capacities for injunctive or declaratory relief or in their individual capacities for damages (or both).

Because Lopez has failed include a demand for relief in compliance with Federal Rule of Civil Procedure 8(a)(3), the court cannot determine whether he seeks plausible claims for relief and instructs Lopez to file an amended complaint that specifies whether he seeks

---

[1]The court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=432329

1

injunctive and/or declaratory relief against the defendants in their official capacities and/or damages against the defendants in their individual capacities.

The court also advises Lopez that he must allege the personal involvement of each defendant against whom he asserts a claim for damages under § 1983. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotations omitted). Further, Lopez may only recover damages against a supervisory official by showing that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003).

## ORDER

Because Lopez has not alleged a request for relief in compliance with Federal Rule of Civil Procedure 8(a)(3), the court instructs Lopez to file an amended complaint that includes a request of relief within 30 days of this order's filing date. Failure to comply with this order will result in dismissal of this action.

**SO ORDERED** at Hartford, Connecticut, this 20 day of August 2020.

_____/s/_____
Michael P. Shea
United States District Judge